Collet, C. J.,
delivered the opinion of the court:
A judgment of a court, in the State of New York, is of the same-force here that it is in the court where it is rendered. The judgment now before us, being rendered by a tribunal of competent jurisdiction, is doubtless final and conclusive between the parties until set aside or reversed, according to the regulations of the jurisdiction where it was rendered. 7 Cranch, 483; 1 Ohio, 261; 5 Ohio, 546.
The first plea in bar shows that very probably the judgment, is ii’regular or erroneous; but judgments of this description are. held conclusive between the parties, on the subjects involved, wherever the court had jurisdiction, whilst they remained unreversed.. 3 Ohio, 306.
The second plea in bar presents the additional question, that before the judgment was rendered, the consideration of the bond had *47 failed. In New York, this matter could not have been pleaded in bar, to the action at law on the bond. But if it could, it was matter to be investigated and decided; antecedent to the rendition of the judgment. No such matter can be examined into, in an action on the judgment.
The other pleas in bar amount to nothing but a partial payment made on the bond, before suit brought. This would have been no' bar to the original action ; nor can partial payment be pleaded in bar to an action on the j udgment itself, if actually *made upon [45 it. Part performance is no answer to any action. It can only prevail in adjusting the actual amount due, or in the character of accord and' satisfaction, in which it is not pretended to be here used. The rule is inflexible in this country. In an action upon the transcript of a judgment, in a sister state, nothing can be pleaded or proved, that could have been pleaded and proved in the original action, whether it was so pleaded and proved or not. The demurrers are sustained, and the pleas in bar overruled.
Upon the plea of nul tiel record, the court find for the plaintiff, for whom the judgment must be entered.