HARBECK. The ELVIRA. See Case No. 4,-424.

HARBERT (NATIONAL HAY RAKE CO. v.). See Case No. 10,044.

HARBIN (HARDY v.). See Cases Nos. 6,-059 and 6,060.

HARBISON (UNITED STATES v.). See Case No. 15,300.

## Case No. 6,046.

### HARD v. STONE et al.

[5 Cranch, C. C. 503.][1]

Circuit Court, District of Columbia. Nov. Term, 1838.

ATTACHMENT—CITIZENSHIP—JURISDICTION.

1. It is not necessary, in order to obtain an attachment under the Act Md. 1795, c. 56, that the instrument of writing produced to the magistrate, granting the warrant for the attachment as the instrument by which the debtor is indebted, should, upon its face, show a complete cause of action; nor is it necessary that the affidavit should state the plaintiff to be a citizen of the United States; it is sufficient if the magistrate, granting the warrant, states that the plaintiff is a citizen of one of the states.

2. It is not sufficient ground for quashing the attachment, that the copy of the short note sent with the writ, has, by mistake of the clerk, the word "cash," instead of the word "each."

3. The circuit court of the District of Columbia has jurisdiction of an attachment issued by warrant of a justice of the peace.

[This was an action at law by Thomas Hard against James W. Stone and John H. Suttle.] Attachment under Act Md. 1795, c. 56.

R. J. Brent moved to quash the attachment, because:

1. The instrument of writing produced to the magistrate who granted the warrant for the attachment, as the instrument by which the defendants were indebted, and which was a covenant under seal to pay for the hire of certain slaves, in a certain event, did not show, upon its face, that the defendants were indebted as stated in the plaintiff's affidavit. The cause of action would not be complete without additional evidence.

2. That the copy of the short note of the cause of action, sent out with the attachment, to be set up at the court-house door, has, by mistake of the clerk, the word "cash," instead of the word "each."

3. That the plaintiff's affidavit does not state that he was a citizen of the United States. It is only stated by the justice who issued the warrant for the attachment.

4. That this court has no jurisdiction of an attachment issued by the warrant of a justice of the peace; because, by the act of congress of the 3d of May, 1802 (2 Stat. 193), this court only has power "to proceed in all common-law and chancery causes, which now are or hereafter shall be instituted before it, in which either of the parties reside out of the said territory, in the same way that nonresidents are proceeded against in the general court, or in the supreme court of chancery in the state of Maryland," and that the general court of Maryland had no jurisdiction of attachments issued by warrants from justices of the peace. Those justices could only issue their warrants to the clerks of the county

courts, not to the clerk of the general court. Smith v. Greenleaf, 4 Har. & McH. 162, 291.

Mr. Bradley, contra.

The act does not require the plaintiff to swear that he is a citizen of the United States; it is sufficient if he is so in fact. It is not necessary that the instrument of writing upon which the action is founded should, of itself, show upon its face a complete cause of action. The plaintiff's affidavit is positive as to the amount due, and what is necessary, in addition to the instrument of writing, may be supplied by parol evidence. The mistake of the clerk in copying the short note may be, at any time, corrected. Independent of the act of congress of the 3d of May, 1802 (2 Stat. 193), the law of Maryland, 1795 (chapter 56), had been declared by the act of the 27th of February, 1801 (2 Stat. 103), to be and remain in force in this part of the district; and by that act this court has jurisdiction of all cases in law or equity arising under the adopted laws of Maryland. Under the laws thus adopted, the plaintiff had a right to an attachment. It was a case in law, of which this court has jurisdiction under the act of 27th February, 1801, and has in fact exercised the jurisdiction from the first existence of the court to the present time.

THE COURT overruled all the objections, and refused to quash the attachment, (nem. con.)