MIDDLEBROOKS *against* THE SPRINGFIELD FIRE INSURANCE COMPANY.

</div>

A foreign corporation, of which a portion of the stockholders reside in this state, is not liable to be sued, by writ of summons, in our courts.

Therefore, where an action was brought before a court in the county of *F.* in this state, by an inhabitant of that county, against a corporation, incorporated by the legislature of *Massachusetts*; the process was a summons only, and was served by leaving a copy with the secretary of such corporation, an inhabitant of *Massachusetts*, while he was temporarily in the county of *F.*; and some of the stockholders of such corporation resided in this state; it was held, that the court to which the suit was so brought, had not jurisdiction thereof.

This was an action brought to the superior court in *Fairfield* county, by *Elijah Middlebrooks* of *Trumbull* in that county, against *The Springfield Fire Insurance Company.*

The defendants pleaded in abatement, that they were a corporation, incorporated by the legislature of the state of *Massachusetts*, and not by the legislature of the state of *Connecticut;* that said corporation has hitherto existed only within the limits of the state of *Massachusetts*, and has at all times been subject to the jurisdiction of the courts thereof, and has never existed in the state of *Connecticut;* that the plaintiff's writ, is a writ of summons, and not a writ of attach-

Fairfield,
June, 1841.
—————
Middlebrooks
v.
The Spring-
field Fire Insu-
rance Co.

ment, or foreign attachment, and was never served, or attempted to be served, on said corporation, in any other way or manner, than by the officer's leaving an attested copy thereof with *William Dwight* of *Springfield*, in the state of *Massachusetts*, as the secretary of said corporation, who was then casually in the town of *Bridgeport* in this state; that at the time of issuing said writ and ever since, *James Bliss*, a stockholder and the president of said corporation, and other stockholders thereof, resided in said *Springfield*, and there said corporation kept its office for the transaction of the ordinary business thereof, and is required, by its charter, to hold its corporate meetings.

To this plea the plaintiff replied, that said corporation, before and at the commencement of this suit, kept an office in *Bridgeport* in this state, *Daniel Sterling* being its agent; that said *William Dwight*, its secretary, on the day when the copy was left with him, was in said *Bridgeport* on its business resulting from such agency; and that, at the same time, several stockholders of said corporation, *viz. Edgar S. Monson* of *New-Haven*, and others, were citizens of, and resided in, this state.

To this replication there was a general demurrer; and thereupon the case was reserved for the advice of this court.

*R. S. Baldwin* and *Loomis*, in support of the demurrer, contended, 1. That to confer jurisdiction on the courts of this state, the defendant must be an inhabitant of this state, or his person or property to be affected, must be within its limits, when the suit is commenced. *Stat.* 41. *tit.* 2. *s.* 21. The principle on which the rule is founded, and of course, the rule itself, applies equally to corporations as to individuals.

2. That the corporation, in its corporate capacity, is the real party, and will always be so regarded, unless an actual necessity exists to look beyond the form of its being, for the purpose of giving the court jurisdiction, and preventing a failure of justice. *The United States* v. *Noyes*, 4 *Conn. Rep.* 340. *Sill* v. *The Bank of the United States*, 5 *Conn. Rep.* 102. *Brumly* v. *The Westchester County Manufacturing Society*, 1 *Johns. Ch. Rep.* 366. *Wood* v. *The Hartford Fire Insurance Company*, 13 *Conn. Rep.* 204.

3. That the corporation being an artificial person, arising

and existing wholly by the law of its creation, cannot legally exist out of the limits within which that law has force ; though its existence may be recognized by the comity of another state. *McCall* v. *The Byram Manufacturing Company*, 6 *Conn. Rep.* 437. *Bank of Augusta* v. *Earle*, 13 *Peters* 519. It can no more be sued, except by attachment of its property, in a foreign jurisdiction, than a natural person similarly situated. *Peckham* v. *North Parish in Haverhill*, 16 *Pick.* 274. *McQueen* v. *The Middletown Manufacturing Company*, 16 *Johns. Rep.* 5. *Kane* v. *The Morris Canal and Banking Company*, cor. superior court of *New-York*, 1840. (*a*)

*Fairfield,*
*June, 1841.*

Middlebrooks
*v.*
The Spring-
field Fire Insu-
rance Co.

---

(*a*) *Cornelius V. S. Kane* v. *The Morris Canal and Banking Company.* The opinion of the court was delivered by ·

JONES, Ch. J. This was an application to set aside proceedings for commencing an action, in this court, against the defendants, by summons.

The defendants are a foreign corporation, holding a charter under the laws of the state of *New-Jersey*, and having a banking-house at *Jersey City.* The summons was served on a teller of the bank, at an office kept by the company, in the city of *New-York.*

In the revised statutes, 2 *vol. p.* 373. *title* 4. Act 1. entitled "Of proceedings by and against corporations in courts of law," are found the provisions on the subject. Section 1st provides, that a foreign corporation, created by the laws of any other state or country, may, upon giving security for the payment of the costs of suit, prosecute in the courts of this state, in the same manner as corporations created under the laws of this state. The 4th section provides, that the first process for the commencement of a suit against a corporation, shall be a summons, except in cases where a *scire-facias,* or other process, is allowed by law ; and that such process, and all other writs and processes against corporations, may be issued, tested, and made returnable in the same manner as process issued against individuals ; and section 5th authorizes the service of the process on the presiding officer, cashier, secretary, or treasurer, or if no such officer can be found, on such other officer or member, or in such other manner, as the court may direct. And the 15th and 16th sections provide, that suits brought in the supreme court, by a resident of this state, against any corporation created by or under the laws of any other state, government or country, for the recovery of any debt or damages, may be commenced by attachment, to be issued, on the application of the plaintiff, to the sheriff of the county in which any property of such corporation may be, commanding him to attach, and safely keep all the estate, real and personal, of such corporation.

By other sections of the statute, the application is to be founded on an *affidavit* of the debt or demand, as bond is to be given for the costs, and the property seized, or the proceeds of it, if sold, are to be kept to answer any judgment to be obtained in the suit ; and sureties are given for the prosecution of the suit, and the application of the property, to the satisfaction of the judgment therein.

The corporation is permitted to appear in the suit, and defend the same ; and upon the application for that purpose, and bond with sureties given to the plaintiff for the payment, on demand, of the amount of the judgment that may be recovered against the corporation, the attachment may be discharged, and the property given up :—and in case of more than one attachment against a foreign corporation, at the same term, or during the same vacation of a term, and judgment rendered in favour of the plaintiffs, the court is to apportion the proceeds arising from the sale of the defendant's property, among the plaintiffs, in proportion to the amount of their respective judgments.

The plaintiff has taken his proceedings under the 4th and 5th sections, as embracing in the general term corporations, which it uses, foreign as well as domestic corporations, and as authorizing the commencement of suits against the latter, as well as the former, by summons. In this, we think he erred : those sections apply to domestic corporations solely. They are wholly inapplicable

*Fairfield,*
*June, 1841.*

Middlebrooks
*v.*
The Spring-
field Fire Insu-
rance Co.

4. That the statute relative to " Communities," has reference to domestic corporations, which are liable to be sued in our courts, and not in a foreign jurisdiction. *Stat.* 131. *tit.* 16.

*Bissell* and *Dutton,* contra, contended, 1. That the statute regulating this subject, had been literally complied with. *Stat.* 131. *tit.* 16. *s.* 1.

2. That on the question of jurisdiction, corporations reside, where their stockholders reside. *Cabot* v. *Bingham,* 3 *Dal.* 382. *Strawbridge* v. *Curtiss* & al. 3 *Cranch* 267. *The United States* v. *Deveaux* & al. 5 *Cranch* 61. *Wood* v. *The Hartford Fire Insurance Company,* 13 *Conn. Rep.* 202., and cases cited *ibid.*

3. That a corporation may meet, and act, out of the limits of the state wherein it was created. *McCall* v. *The Byram Manufacturing Company,* 6 *Conn. Rep.* 428.

STORRS, J. This is an action brought, by writ of summons, against *The Springfield Fire Insurance Company,* a corporation, incorporated by the legislature of *Massachusetts,* in which the writ was served by the officer, to whom the same was directed, leaving an attested copy thereof, at *Bridgeport,* in this state, with the secretary of said corporation, who was then casually there, but whose residence was at *Springfield* in *Massachusetts.* The plaintiff resides in the county of *Fair-*

---

to a foreign corporation. Suits against them must be by attachment, under the provisions of the 15th and 16th sections of the statute. Domestic corporations exist, and have their location within the state, and actions lie against them equally with natural persons residing or found within the state. But foreign corporations have their legal existence, and are located within the territory, the state or government that creates them; and can, in no legal sense, be said to be within this state. No suit can be brought, in this court, directly against a corporation, which is out of the state, any more than against an individual debtor, who is absent therefrom. The foreign corporation is equally an absent debtor, with the person who resides abroad, and must, in like manner, be reached, and payment of the debt be enforced against them, by attachment against the property, and not by the personal process of summons. The proceeding is against the property of the corporation within the state; and to the extent that corporate property can be found within the reach of the attachment, and made applicable to the payment of the demands against them, and no further, will such proceeding, of itself, be available and effectual to the creditor. It does not become, and cannot be made, a personal action against the corporation, in its corporate capacity, unless the corporation voluntarily appears, and makes itself a party; in which case, the attachment is discharged, and the property attached by the sheriff, is given up, and bond with sureties given for the payment of the amount of the judgment to be recovered against the corporation; and the proceeding then takes the form of a regular suit, and proceeds to judgment according to the course and practice of the court. The proceeding by summons was, consequently, irregular, and unauthorized by law, and must be set aside.

*field*, and some of the stockholders of said corporation reside in, and are citizens of, this state.

Upon these, the only material facts disclosed by the pleadings, the question is, whether the court to which the suit is brought, can entertain jurisdiction of it, so as to require the defendant to answer thereto; or, stated in a more general form, whether a foreign corporation, of which a portion of the stockholders reside in this state, is liable to be sued, by writ of summons, in our courts.

The defendant insists, that being a foreign corporation, it is not liable to this suit, on the ground, that it has no corporate existence within this state, and that there is no provision in our laws, by which writs of summons can be legally served against such corporations. The plaintiff claims, that this corporation does exist within this state, within the true meaning of the laws which relate to the service of such writs, and that service has been made upon it agreeably to those laws.

By the common law, there is no process which can be served, either upon natural persons, not inhabitants of or within the realm, or upon foreign corporations, by which their appearance can be compelled in any court; for the reason, that the former are not found within the realm, and the latter has no corporate existence within it, nor could either be compelled to appear, by an attachment of their property. *Com. Dig. tit.* Attachment. B. D. 1 *Tidd's Prac.* 116. 16 *Johns. Rep.* 5. 16 *Pick.* 274. If, therefore, they can be brought into court, it must be by virtue of some statutory provisions. In this state, all judicial process, and the mode of its service, are regulated by statute; and to those regulations it is necessary to refer, in order to ascertain whether jurisdiction is conferred, in the present case.

It is provided by our laws, that the process in civil actions shall be by summons or attachment, and, with respect to corporations, that, "when sued, the service of the writ, by leaving a true and attested copy of it, by some proper officer, with their clerk, secretary or cashier, twelve days before the session of the court to which it is returnable, shall be sufficient notice for them to appear and answer; and that when any incorporation, incorporated by authority of this state, transact their business in the same, and have no secretary, clerk, cashier or other officer, residing therein, then a true and attested

*Fairfield,*
*June, 1841.*

Middlebrooks
*v.*
The Springfield Fire Insurance Co.

*Fairfield,*
*June, 1841.*

Middlebrooks
*v.*
The Spring-
field Fire Insu-
rance Co.

copy of the writ, left with the agent of such corporation re-
siding in this state, or, if there be none, then at the house or
place where such corporation transact their business, and
exercise their corporate powers, shall be sufficient service of
such writ." *Stat.* 131, 2. *tit.* 16. *s.* 1.

We think, that in order to bring the present case within
the provisions of this law, it must be shown, that the corpo-
ration in question exists within the limits of the state. Un-
less the language of the law is very decisive to the contrary,
it would not be presumed, that it was the intention of the
legislature, to subject to the process of our courts, the person
of any corporation not within its territorial jurisdiction. A
law to that effect would be so novel and extraordinary, not to
say, harsh and unjust, that courts would not put that construc-
tion on it, unless they were obliged to do so. *Buchanan* v.
*Rucker*, 9 *East* 192. But that intention is repelled, in the
first place, by the provision that requires the copy to be left,
by an officer authorized by our laws to serve judicial process,
whose power to act, is confined, by our general law, to certain
local limits; and, in the next place, by the latter clause of
the statute, which refers, in express terms, to corporations
"incorporated by authority of this state," and, by its subse-
quent language, evidently refers to our own domestic corpo-
rations. The process must be served upon the secretary,
clerk or cashier of the corporation. We think that that
means such officer, residing within the jurisdiction of the
state, as remarked by *Spencer,* J., in *McQueen* v. *The Mid-
dletown Manufacturing Company*, 16 *Johns. Rep.* 5. "If the
president of the bank of another state, were to come within
this state, he would not represent the corporation here: his
functions and his character would not accompany him, when
he moved beyond the jurisdiction of the government, under
whose laws he derived his character."

It is said, by the plaintiff's counsel, that, inasmuch as the
first clause of the law designates all corporations; and the
last, those only which are incorporated by authority of this
state; the former is more comprehensive than the latter, and
is to receive an unlimited signification. We think otherwise;
and that the only object of the last clause, which was enacted
at a more recent period than the first, was to provide a mode
by which service might be made, in those cases where the

*Fairfield,*
June, 1841.

Middlebrooks
*v.*
The Spring-
field Fire Insu-
rance Co.

mode, previously prescribed, could not be complied with, in consequence of a want of the officers with whom it had been provided a copy should be left.

It might admit of a serious question, whether it would be competent for the authority of the state to prescribe, in an action *in personam*, like the present, any process, by which a defendant, not personally within the territorial jurisdiction of the state, could be reached or bound. If not residing within its limits, it is difficult to perceive on what ground, jurisdiction over such person can be acquired, unless indeed by a voluntary appearance. Mr. Justice *Johnson*, of the supreme court of the *United States*, in *Mills* v. *Duryee*, 7 *Cranch* 481., says, " it is an eternal principle of justice, that jurisdiction cannot be justly exercised, by a state, over property not within reach of its process, or over persons not owing it allegiance, or not subjected to its jurisdiction, by being found within its limits ;" and in *Hall* v. *Williams*, 6 *Pick.* 240. Ch. J. *Parker* says, " if the citizen of one state is in another, and served with process, he is bound to appear and make his defence, or submit to the consequences ; but if never there, there is no jurisdiction over his person, and a judgment cannot follow him beyond the territories of the state ; and if it does, he may treat it as a nullity ; and the courts here will so treat it, when it is made to appear, in a legal way, that he was never a proper subject of its adjudication." Lord *Ellenborough*, in 9 *East* 192. expresses himself with great energy, to the same effect. The authorities uniformly support the same doctrine. *Aldrich* v. *Kinney*, 4 *Conn. Rep.* 380. *Kilburn* v. *Woodworth*, 5 *Johns. Rep.* 37. *Bigelow* v. *Stearnes*, 19 *Johns. Rep.* 39. *Shumway* v. *Stillman*, 4 *Cowen* 292. *S. C.* 6 *Wend.* 447. *Hitchcock* & al. v. *Aiken*, 1 *Caines* 460. *Borden* v. *Fitch*, 15 *Johns. Rep.* 121. 140. *Starbuck* & al. v. *Murray*, 5 *Wend.* 148. *Bissell* v. *Briggs.* 9 *Mass. Rep.* 462. *Thurber* v. *Blackbourne*, 1 *N. Hamp. Rep.* 242. 246. *Curtis* v. *Gibbs*, 1 *Penning.* 399. 405. *Rogers* v. *Coleman* & ux. *Hardin* 413. *Adams* v. *Rowe*, 2 *Fairf.* 89. 95. *Hall* & al. v. *Williams*, 1 *Fairf.* 278. *Whittier* v. *Wendell* & al., 7 *N. Hamp. Rep.* 257. *Wernwag* v. *Pawling*, 5 *Gill. & Johns.* 500. 1 *Ohio* 260. 6 *Ohio* 43. 1 *Bailey* 242. 1 *Yerger* 125. 5 *Yerger* 83. 1 *Breese* 259.

This is an action against the person merely, in which it is

*Fairfield,*
June, 1841.

Middlebrooks
*v.*
The Spring-
field Fire Insu-
rance Co.

sought to bind and conclude the defendant personally, forever, here and elsewhere, by the judgment which may be rendered. It is not an action *in rem*, either by domestic or foreign attachment, brought against a foreign non-resident, upon which his property found within this state is taken, and the object and effect of which, is, merely to act upon, and appropriate specifically, the property attached. In such a case, there is probably no objection to the exercise of a power, by the state, by which the process of its courts, may be made to act upon any property found within its territorial limits, as it would be in accordance with the acknowledged principle of international law, that all property, as well as all persons, found within the territorial limits of any sovereignty, are subject to its authority and laws; which territorial jurisdiction, may be exercised, in such manner as the particular laws of the state may prescribe. *Story's Conf. Laws, s.* 530 to 618. *The United States* v. *Wilder,* 3 *Sumn.* 308. *The Schooner Exchange* v. *McFaddon* & al., 7 *Cranch* 135. & seq. *Kilburn* v. *Woodworth,* 5 *Johns. Rep.* 37. 2 *Dodson's Rep.* 458. *Bynkershoek de foro legal. ch.* 3 & 4. *Martin's Laws of Nat.* B. 5. § 9.

The corporation, which is the defendant in the present case, is not incorporated by authority of this state, and therefore, does not come within the law prescribing service of writs on corporations; nor has it any existence within the limits of this state.

The nature and powers of corporations, have recently undergone a very full and able consideration, by the supreme court of the *United States,* in the case of *The Bank of Augusta* v. *Earle,* 13 *Peters* 521. and the doctrine is settled in that case, as thus stated by Ch. J. *Taney,* in giving the opinion of the court: "A corporation can have no legal existence, out of the boundaries of the sovereignty by which it is created. It exists only in contemplation of law, and by force of that law ; and when that law ceases to operate, and is no longer obligatory, the corporation can have no existence. It must dwell in the place of its creation, and cannot migrate to another sovereignty." "It must live and have its being, in that state only."

The plaintiff, however, admitting this general doctrine, claims, that on a question of jurisdiction, the court should

*Fairfield,*
June, 1841.

Middlebrooks
*v.*
The Spring-
field Fire Insu-
rance Co.

look through the corporation, the artificial being, to the cor- porators which compose it, and regard the corporators, as the real defendants;—that their residence should be deemed, for that purpose, to be that of the corporation; and that, there- fore, as some of the stockholders in this case, reside in this state, our courts should entertain jurisdiction; and cases have been cited in support of the claim.

It is true, that, in some cases, for the purpose of determin- ing the question of jurisdiction, the residence of the corpora- tors has been regarded, inasmuch as they are substantially and essentially the parties; but an examination of the author- ities will show, that these cases form exceptions to the gen- eral rule, and were decided upon a very peculiar state of facts.

In *Wood* v. *The Hartford Insurance Co.* 13 *Conn. Rep.* 202. the defendants were incorporated by the legislature of this state, and therefore existed within its limits. The only question was, within what county of the state it was liable to be sued. Not being located by its charter, and there being no other criterion by which its location could be determined, the court decided, that, for the purpose of sustaining jurisdic- tion, it would deem the residence of the stockholders, to be that of the corporation. The governing consideration with the court was, that otherwise the plaintiffs, however perfect their right of action, could sustain no suit, and have no rem- edy. This case, in which, rather than that there should be an entire failure of justice, and the defendants be exempted from all responsibility, the court located them in a particular county of the state, in which state they confessedly existed, surely does not adopt or sanction the principle, that an extra- territorial effect is to be given to the laws of another state, so as to transfer to this state the existence of a corporation, created by the laws, and located solely within the limits, of such foreign state.

The cases of *The Hope Insurance Company* v. *Boardman,* 5 *Cranch* 51. and of *The Bank of the United States* v. *Deveaux* & al. 5 *Cranch* 61. have been pressed, as sustaining the juris- diction of the court in the present case. The question, in these cases, arose under the third article of the constitution of the *United States,* which provides, that the judicial power of the *United States* shall extend " *to controversies between citizens of different states.*" It was decided, that a corpora-

*Fairfield,*
June, 1841.

Middlebrooks
*v.*
The Spring-
field Fire Insu-
rance Co.

tion aggregate was not, in its corporate capacity, a citizen; and that its right to litigate in the *United States* courts, depended upon the character of the individuals who composed the body politic, to be shewn, by proper averments, on the record. The ground of this decision is clearly explained, by Ch. J. *Marshall,* in giving the opinion of the court. After stating the peculiar apprehensions which led to the adoption of that provision of the constitution on which the question arose, he says: " Aliens or citizens of different states are not less susceptible of these apprehensions ; nor can they be supposed to be less the objects of constitutional provision, because they are allowed to sue by a corporate name. That name indeed cannot be an alien, or a citizen ; but the persons whom it represents, may be the one or the other; and the controversy is, in fact and in law, between those persons suing in their corporate character, by their corporate name, for a corporate right, and the individual against whom the suit may be instituted. Substantially and essentially, the parties in such a case, where the members of the corporation are aliens or citizens of a different state from the opposite party, come within the spirit and *terms* of the jurisdiction conferred by the constitution, on the national tribunals." The court regarded the substantial, and not the formal, persons between whom the controversy existed, as they also did subsequently in *Brown* v. *Strode,* 5 *Cranch* 503., and in *Childress* v. *Emory,* 8 *Wheat.* 642. They carried into effect the meaning of the constitution, without the least departure from its very terms. No question arose as to the location of the corporation ; and there is no ground to infer, that, wherever it might have been located, the jurisdiction of the court would depend on such location. We think, therefore, that that case furnishes no support to the plaintiff in the present.

This disposes of the prominent cases to which the plaintiff has referred on this point. The others which he has cited, are analogous to them, and do not strengthen his claim.

The statutes of several of the other states, respecting the service of writs on corporations, are, as far as we can judge, substantially like ours—particularly, those of *New-York, Massachusetts* and *Pennsylvania,*—and the construction put on them has been the same which we have adopted. 16 *Johns.*

*Rep.* 5. 16 *Pick.* 286. 1 *Miles* 78. *Kane* v. *Morris Canal & Banking Company, N. Y.* superior court, 1840. For these reasons, the replication should be adjudged to be insufficient.

<div style="text-align:right">

*Fairfield,*
June, 1841.

Middlebrooks
*v.*
The Spring-
field Fire Insu-
rance Co.

</div>

In this opinion the other Judges concurred.

<div style="text-align:right">Suit abated.</div>