### John Sullivan vs. the LaCrosse and Minnesota Steam Packet Company.

A summons can only be served on a foreign corporation by publication.

Service on the President or managing agent of such corporation within this State is a nullity, and confers no jurisdiction on the Court, and in such case the defendant may maintain a writ of error to reverse the judgment.

This action was brought in the District Court of Dakota county. The only service of the summons was by the Sheriff of Ramsey county, whose return is as follows: "I certify and return that I have on the 3d day of May, A. D. 1865, served the within named summons on the within named LaCrosse and Minnesota Steam Packet Company, by delivering personally to William F. Davidson, the president and general agent of the within named defendant, a true and correct copy thereof in my county." It is alleged in the complaint that "the defendant is and ever since the first day of August, 1864, has been a corporation formed and existing under and by virtue of the laws of the State of Wisconsin, under the corporate name and style of 'The LaCrosse and Minnesota Steam Packet Company,' for the purpose of conducting the business of a transportation company of passengers and freight, and as such during the time aforesaid, and up to and including the 4th day of November, 1864, was engaged in such business upon the waters of the Mississippi in this State and elsewhere," which time includes the time when the cause of action set out in the complaint accrued.

No appearance in the action was made by or in behalf of the defendant. At a special term held on the 6th day of June, 1865, the cause was referred to a referee "to try the issues of fact in said action and report a judgment thereon." The referee after-

wards made his report, finding the facts and as a conclusion of law, that the plaintiff was entitled to recover of the defendant the sum of $1,000 damages. Judgment was thereupon entered for $1,000 and costs against defendant. The defendant sued out a writ of error and removed the cause to this Court.

ALLIS & WILLIAMS for Plaintiff in Error.

Judgment was erroneously entered by the District Court, because—

First—It appears by the complaint that defendants are a foreign corporation, and it does not appear by the complaint or otherwise, that they have any property within this State, or have any agency established therein for the transaction of their business. Thence it does not appear that they are subject to the jurisdiction of said Court. *Comp Stat.*, sec. 37, *page* 629.

Second—But even supposing defendants were properly *subject* to the jurisdiction of said Court, yet it appears that no service of the summons was ever made on the defendants.

The defendants, being a foreign corporation, the summons must be served by publication.

Service upon the president of a corporation outside the jurisdiction creating the corporation is no service. *Broome et al. vs. G. D. D. & M. Packet Co.*, 9 *Minn.*, 239; *Comp. Stat.*, sec. 5, *p.* 605; *Id.*, sec. 50; *Angell & Ames on Corporations, p.* 395, *sec.* 11, *et seq.*; *Sess. Laws* 1864, *p.* 90; *Hurlbert vs. Hope Mut. Ins. Co.*, 4 *How. Pr.*, 275, 415; *Brewster vs. Mich. C. R. R. Co.*, 5 *Id.*, 183.

Third—But assuming that defendants were subject to the jurisdiction of said court, and had been duly served with summons, yet the judgment was erroneously entered. The last sentence of *clause* 1 sec. 165, *page* 555, prescribes the mode of entering judgment by default in such cases. Under these provisions the Court was authorized, doubtless, to have the damages assessed by a reference; but the Court was not authorized to make a reference " to try the issues of fact in said action, and report a judgment

thereon." This action of the Court was wholly without warrant in our statutes, or the practice of our Courts. And when judgments are taken by default, the provisions of law authorizing the same must be pursued.

The Court might have referred the case to a referee to assess the damages, but not " to report a judgment."

And no judgment was ever, in fact, ordered by the Court in this case.

The judgment, therefore, which was entered, is wholly without warrant, and absolutely void.

SMITH & GILMAN for Defendant in Error.

In the case of *Broome et al. vs. The G. D. D. and M. Packet Co.*, 9 *Minn. R.*, 243, this Court held that under *Sec.* 5, *page* 605, of our statutes, the provisions of our statutes as to commencing suits against corporations applied to foreign as well as domestic corporations.

The statute for commencing suits against corporations, (*Sec.* 53, *page* 538,) provides that the summons may be served by delivering a copy to the president, secretary or managing agent. In the case at bar the Sheriff's return shows that the summons was served by delivering a copy to the president and managing agent. It seems to us that this settles the question as to the sufficiency of the service.

Furthermore, we submit that in suing out the writ of error, the plaintiff in error has come into Court, and being in Court, cannot object to the sufficiency of the service of the summons. The appearance waives all defects of service, &c., unless the appearance be special.

Again, if the error as to service is well founded, the party should first ask relief in the Court below by motion to vacate and set aside the judgment. *Babcock vs. Hollinshead*, 3 *Minn.*, 141.

Under *Sec.* 173, *page* 555, *of statutes*, it was competent for the Court to appoint a Referee to assess the damages or ascertain the amount the plaintiff was entitled to recover, and upon such report

Sullivan v. La Crosse & Minnesota Packet Company.

of the Referee it was the duty of the clerk to enter the judgment under *Sec.* 54, *page* 564, *and Sec.* 71, *page* 566, *of statutes.* See language of Court in above case of *Babcock vs. Hollinshead,* 3 *Minn.*, 144.

The entry of judgment by the clerk in all cases is in law the act of the Court, as has been repeatedly held.

*By the Court*—WILSON, C. J.—It is admitted that the defend- ant is a foreign corporation.

The Sheriff of Ramsey County who served the summons, re- turns that he made the service on the 3d day of May, 1865, "by delivering to William F. Davidson, the president and general agent of the within named defendant, a true and correct copy thereof," in Ramsey County.

The first question raised is whether this service was authorized by law and gave the Court jurisdiction of the defendant.

At common law, process can only be served on a defendant, whether a natural person or a body corporate, within the State in which the action is commenced. *Middlebrook vs. Springfield Fire Ins. Co.*, 14 *Conn.*, 301 ; *Keilburn vs. Woodworth*, 5 *John.*, 37 ; *Hall vs. Williams*, 6 *Pick.*, 240 ; *Borden vs. Fitch*, 15 *John.*, 140 ; *Buchanan vs. Rucker*, 9 *East*, 192.

It is also a well settled rule of the common law that the service of process on the president or principal officer of a corporation, must be within the jurisdiction of the sovereignty where the arti- ficial body exists. 1 *Tidd's Prac.*, (3 *Am. Ed.*,) 121, *note ; McQueen vs. Middletown Manu. Co.*, 16 *John.*, 6 ; *Nash vs. Rector*, 1 *Miles*, 78 ; *Davison vs. Campbell*, 2 *Miles*, 171 ; *Mid- dlebrook vs. Spring. F. Ins. Co.*, 14 *Conn.*, 301 ; *Clark vs. N. J. Steam Nav. Co.*, 1 *Story*, 530 ; *Peckham vs. North Par. of, &c.*, 16 *Pick.*, 286.

And inasmuch as a corporation can have no legal existence out of the boundaries of the sovereignty that created it, (*Bank of Augusta vs. Earle*, 13 *Peters' R.*, 588; *Broome vs. Packet Co.*, 9 *Minn.*,) it follows that if a foreign corporation can be brought

into Court, it must be by virtue of some *statutory* provision. *See* *Middlebrook vs. Spring. F. Ins. Co.*

To our statute, therefore, we must refer to ascertain whether the mode of service attempted in this case is valid.

Our statute law regulating the service of process is found in *Chap.* 60, *of the Comp. Stat., Secs.* 48 *to* 59 *inclusive.*

The only sections of this chapter that have any bearing on the question under consideration, are those numbered 52, 53, 54. They read as follows:

"Section 52. The summons may be served by the Sheriff of the county where the defendant is found, or by any other person not a party to the action; the service must be made and the summons returned to the person whose name is subscribed thereto with all reasonable diligence."

"Sec. 53. The summons must be served by delivering a copy thereof as follows:

"1. If the suit be against a corporation, to the president, or other head of the corporation, secretary, or managing agent thereof.

"2. If against a minor under the age of fourteen years, to such minor personally, and also to his father, mother, or guardian, or if there be none within this territory, then to any person having the case or control of such minor, or with whom he resides, or by whom he is employed.

"3. If against a person for whom a guardian has been appointed for any cause, to such guardian, and to the defendant personally.

"4. In all other cases to the defendant personally, or by leaving a copy of the summons at his usual last place of abode."

"Sec. 54. When the defendant after due diligence cannot be found within the territory, and when that fact appears by affidavit to the satisfaction of the Court or Judge, and it in like manner appears that a cause of action exists against the defendant, or that he is a proper party to the action relating to real property in this territory, such Court or Judge may grant an order that the service be made by a publication of a summons in either of the following cases:

"1. Where the defendant is a foreign corporation," &c.

Sections 52 and 53 are properly read and construed together as they refer to the same class of cases.

They in some respects modify and in other respects declare the common law rule on this subject, and they ought, therefore, not to be carried farther by construction than the plain and manifest intention of the Legislature indicates, for it is a well settled rule of statutory construction, that statutes are not presumed to make any alteration in the common law farther or otherwise than the act expressly declares. 11 *Mod.*, 150 ; 1 *Saund.*, 240 ; *Bac. Ab. Tit. Stat. I.*, 4, *and cases there cited ; McQueen vs. Middletown Manu. Co.*, 16 *John.*, 6 ; 1 *Kent's Com.*, 464.

We see nothing in the statute above cited, either expressly or by necessary implication, authorizing service on a foreign corporation by delivering a copy of the summons to an agent found within this State. *Subdiv.* 1, *of Sec.* 53, is merely declaratory of the common law rule as to the mode of service on domestic corporations, and there is nothing either in its language or in the context to show an intention to extend its application to foreign corporations.

Section 52 provides that service may be made *by the Sheriff of the county where the defendant is found.* As this statute applies only to Sheriffs of our State, and as foreign corporations can have no existence in this State, the inference clearly is that by section 52 and 53, service on foreign corporations is not authorized. By the latter clause of said section it was not intended to deny the power of Sheriffs to serve process on every class of persons found within the State, and subject to the jurisdiction of the Court—the object of the provision was merely to authorize others as well as the Sheriffs to make such service.

From the fact that section 54 provides for service on foreign corporations in all cases by publication of the summons, (see *Broome vs. Packet Co.*,) it may reasonably be argued that service otherwise cannot be made, for—unless this is an exceptional case— section 54 only provides for service by publication in cases not falling within the provisions of sections 52 and 53.

Construing our statutes on this subject according to the well settled rules of statutory construction, we think they authorize service of process on foreign corporations only by publication.

This view is not inconsistent with the doctrine of *Broome vs. Packet Co.* We in that case held that the language of our statute—that "actions may be commenced against corporations in the same manner as other civil actions"—applies as well to foreign as domestic corporations.

We still concur in the view then expressed. In all civil actions against non-resident defendants not found within the State, the summons can only be served by publication, and when the defendant is found within the State such service is not authorized.

This being so the Court acquired no jurisdiction of the defendant in this case, and the judgment, therefore, is a nullity.

In such case the defendant may maintain a writ of error to reverse the judgment. *Skipworth vs. Hill,* 2 *Mass.,* 35 ; *Gay vs. Richardson,* 18 *Pick.,* 417 ; 2 *Tidd's Prac.,* (3d *Am. Ed.,*) 1134, *and notes ; Karns vs. Kunkle,* 2 *Minn.,* 313.

Judgment below reversed.